*Summons issued SEP 29 2009*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON ANKENY<br><br>Plaintiff,<br><br>Vs.<br><br>JANET NAPOLITANO, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, a federal sector employer, DIVISION OF CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | NO. **C09-1379** JCC<br><br>COMPLAINT<br><br>*Jury Demand*<br><br><br><br>09-CV-01379-CMP |

# I. PARTIES

1.1. Plaintiff Jason Ankeny ("Ankeny") resides within the Western District of Washington. He was at all times employed by the Department of Homeland Security ("DHS") Division of Customs and Border Protection ("CBP") at the Blaine Port of Entry facilities located within the Western District.

1.2. Defendant Janet Napolitano, Secretary of DHS, ("Napolitano") is the Homeland Security Agency head in charge of the CBP Division at relevant times, and is an appropriate defendant under the Civil Rights Act of 1964.

COMPLAINT - 1 of 8

[203884 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1.3  Defendant DHS Division of CBP is a federal sector employer as defined by the Civil Rights Act, 42 U.S.C. §2000e *et seq*, and employed Ankeny at all relevant times at its Port of Blaine CBP facilities within the boundaries of the Western District.

## II. JURISDICTION AND VENUE

2.1.  Plaintiff alleges federal claims against defendants regarding civil rights encompassed under 28 U.S.C. §1343 and federal questions encompassed by 28 U.S.C. §1331, pursuant to 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended. The Court has subject matter jurisdiction over the claims.

2.2.  Venue is proper in the Western District of Washington because the defendants operate here and the acts alleged herein occurred in this District.

2.3.  Ankeny has exhausted administrative remedies as a federal sector employee in EEOC Docket No. 551-2006-00149x and, EEOC Appeal, Office of Federal Operations ("OFO") Docket No. 01-2009-2484. Ankeny participated fully in creating a record of 8 days of hearing testimony before the EEOC hearing judge resulting in the three administrative judge decisions on liability, damage, and counsel fees. The final decision terminating EEOC appellate review was OFO Docket No 01-2009-2484, dated 6/30/09 and received by Ankeny on 7/6/09. Less than 90 days has expired since notice of EEOC action terminating appeal OFO# 01-2009-2484 was received by Ankeny. Ankeny is aggrieved by the Orders of Administrative Judge and OFO Orders terminating appeal.

## III. STATEMENT OF FACTS

3.1.  Ankeny's civil service career in the U.S. Immigration Service began in 1996. In 2002, he was promoted to special operations in Blaine, during which time he earned his business degree at night from a local college.

COMPLAINT - 2 of 8

[203884 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

3.2. In 2004, the U.S. Immigration Service merged with U.S. Customs to form the Division of Customs and Border Protection within the Department of Homeland Security ("CBP"). In July, 2004, Ankeny was promoted from a Customs and Border Protection Officer (CBPO) grade 11 to grade 12 Supervisor at Blaine Passenger Processing. The promotion included an initial eighteen (18) month probationary term.

3.3. Blaine Area Port Director Margaret Fearon ("Fearon") oversaw Port operations where Ankeny was employed, and was his ultimate supervisor.

3.4. Standards and procedures as to employee performance deficiencies, misconduct, and retention of probationers, based on federal regulations were in place at the CBP, Fearon was aware and knowledgeable as to the standards, relied upon them, and communicated them to her managers. She distributed and communicated to her management written reference materials explaining federal regulations which established standard policies and procedures. These standards and procedures include, but are not limited to the following:

   A. Retention of Probationers. To be removed as a new supervisor during probation, performance must be deficient or conduct must be deficient. A new supervisor must demonstrate acceptable conduct to be retained. A new supervisor must achieve a successful performance rating to be retained.

   B. Conduct Based Action. Misconduct accusations, including personality conflicts and Internal Affairs matters are to be addressed by supervisors and managers immediately and classified as either "closed" or "referred" (i.e. Internal Affairs) or "investigated" regardless of probationary status of accused. Conduct based actions include reductions in grade or pay.

COMPLAINT - 3 of 8

[203884 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

C.  Performance Based Action. Deficient performance must be addressed immediately by notice of the problems and a description of the standard to be attained.

3.5. Fearon demoted Ankeny from his position as a new supervisor and reduced his grade without legitimate or valid reason on July 25, 2005. Her conduct failed to comply with the applicable standards and procedures for the CBP. She relied upon naked accusations against Ankeny without giving Ankeny notice who accused him of what or opportunity to address the accusations, which accusations were unsustained and closed without examination. Fearon asserted Ankeny's performance to be deficient in managing interpersonal relations at the halfway point in his probation despite his rating supervisor's mid-term assessment that Ankeny successfully corrected any criticisms brought to his attention. Fearon issued the deficient performance rating against Ankeny without notice of deficiency, advice of the standard to which he would be held, and the opportunity to meet such standard. Fearon also falsely accused Ankeny of misapplying federal regulations concerning an immigration matter.

3.6. Fearon deviated from official conduct and performance rules to give advantage to female supervisors, and treated Ankeny differently. A female supervisor accused of misconduct received notice from Fearon as to who accused her of what, and she retained her position while the investigation ensued; Fearon assisted in rendering disciplinary warnings against the accuser who notified CBP officials that he would withdraw his accusation if Fearon would stop the disciplinary warnings against him. Another female supervisor accused of deficient performance on four occasions was given a full 18-month probationary term to bring her performance to standards.

3.7. Ankeny conferred with the Seattle Equal Employment Opportunity office to obtain information about the reported EEO complaint against him and was advised there was

COMPLAINT - 4 of 8

[203884 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

none. EEO Officer Barnett questioned Ankeny and then advised him to file an EEO complaint. On August 20, 2005, Ankeny filed the complaint of discrimination based on gender, including the allegation that Fearon's actions unfairly benefitted female supervisors.

3.8.  On August 26, 2005, EEO Officer Barnett contacted Fearon with Ankeny's complaint and asked for her response.

3.9.  Immediately thereafter, on August 26, 2005, Fearon addressed a room full of supervisors at the CBP and stated that Ankeny has filed an EEO charge and anyone caught talking with him would answer to her in her office. Her statements had a chilling effect on exercise of civil rights by employees, and resulted in isolation of Ankeny at the workplace.

3.10.  On August 30, 2005, Ankeny reported to EEO Officer Barnett that he was now experiencing retaliatory conduct from Fearon.

3.11.  During the investigation of Ankeny's complaint, Fearon overrode and violated Homeland Security regulations and manipulated DHS' investigation to her advantage. She improperly inserted herself and her legal defense team between Ankeny and the employee witnesses, and between Ankeny and the investigators charged with determining EEO violations. Fearon previewed investigation subjects, invented and suggested false or misleading information to identified witnesses in advance of their interviews, monitored the interview of witnesses, posed advantageous questions to witnesses and ordered her subordinates to subject their witness testimony in the Ankeny investigation to being vetted and rewritten by her legal defense team.

3.12.  In addition to the conduct alleged above, Ankeny experienced additional retaliatory and/or discriminatory acts against him, including but not limited to the following: failure to provide information/identification of accusations against him; interference with his return to a management position; failure to be placed in an open position for which he was

COMPLAINT - 5 of 8

[203884 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

recommended and qualified; improper adverse reference information; interference with the mediated settlement process; offer of transfer position on condition he withdrew the EEO claim against Fearon. Fearon also retaliated against others who participated or supported Ankeny during testimony at the EEO hearing.

3.13. Fearon's conduct had a chilling effect on employee reports of reasonable belief of discriminatory treatment and on employee participation in protected activity.

3.14. Fearon's acts were persistent and created working conditions which oppressed, demoralized, and frightened Ankeny, and created intolerable working conditions.

3.15. Due to the retaliatory acts and intolerable working conditions, Ankeny was forced to cease working in June 15, 2006 and to surrender his federal employment at CBP on May 15, 2007.

## IV. FIRST CLAIM FOR RELIEF
### Discrimination Based on Gender

4.1. Plaintiff realleges above paragraphs 1.1 through 3.15.

4.2. The conduct, acts and omissions of defendant, including the reduction of Ankeny's rank, status, pay, and grade, constitute discrimination based on sex/gender, in violation of 42 U.S.C. §2000e-2(a); 2000e-16.

4.3. As a result and proximate cause of the conduct of defendant, plaintiff Ankeny has suffered injuries and damages, including economic losses and emotional distress, past and future, in an amount to be proven at trial.

## V. SECOND CLAIM FOR RELIEF
### Retaliation

5.1. Plaintiff realleges above paragraphs 1.1 through 4.2.

5.2. Defendant's conduct, acts and omissions constitute retaliation and retaliatory discrimination for reporting his reasonable beliefs of discrimination based on gender, and for

COMPLAINT - 6 of 8

[203884 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

engaging in protected activity, in violation of 42 U.S.C. §2000e-3(a); 42 U.S.C. §2000e-16 and 29 C.F.R. §1614.103(a).

    5.3.    Defendant's conduct, acts and omissions were so pervasive or severe to significantly alter his terms and conditions of employment, and/or to create intolerable working conditions.

    5.4.    Ankeny was constructively discharged from his position of employment.

    5.5.    As a result and proximate cause of the conduct of defendant, plaintiff Ankeny has suffered injuries and damages, including economic losses and emotional distress, past and future, in an amount to be proven at trial.

## VI. JURY DEMAND

    6.1.    Plaintiff hereby demands and requests trial by jury.

## VII. RELIEF REQUESTED

WHEREFORE, plaintiff demands entry of judgment against defendant as follows:

    A.    For equitable relief, including reinstatement;

    B.    For all damages allowed by law, past and future, including pre-judgment interest;

    C.    For reasonable attorneys' fees, costs and expenses of suit and litigation as allowed by law;

    D.    For the damages pleaded herein; and

    E.    For such other relief as the Court may deem just or equitable.

/ / /

COMPLAINT - 7 of 8

[203884 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Dated this 29th day of September, 2009.

GORDON THOMAS HONEYWELL LLP

By _____
Victoria L. Vreeland, WSBA No. 08046
vvreeland@gth-law.com
Of Attorneys for Plaintiff


LAW OFFICES OF MICHAEL JACOBSON P.S.

By _____
Michael A. Jacobson, WSBA #13135
Of Attorneys for Plaintiff

COMPLAINT - 8 of 8

[PLD%20-%20Complaint%20[1]]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575