THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
8

9

10   JASON ANKENY,                              Case No. C09-1379-JCC

11                 Plaintiff,            ORDER

12         v.

13   JANET NAPOLITANO, SECRETARY, U.S.
    DEPARTMENT OF HOMELAND
14   SECURITY, a Federal Sector Employer,
    DIVISION OF CUSTOMS AND BORDER
15   PROTECTION,

16                Defendants.

17

18        This matter comes before the Court on Defendants' motion for summary judgment

19 (Dkt. No. 12), Plaintiff's response (Dkt. No. 18) and Defendants' reply (Dkt. No. 22). Having

20 thoroughly considered the parties' briefing and the relevant record, the Court GRANTS IN

21 PART and DENIES IN PART the motion for the reasons explained herein.

22 I.       BACKGROUND

23        Plaintiff, a former customs and border-protection officer with United States Customs

24 and Border Protection ("CBP"), accuses his employer of sex-based discrimination and

25 retaliation. In 2005, CBP reassigned Plaintiff from his probationary supervisory position to his

26 prior position as a nonsupervisory officer. Two months earlier, CBP rated Plaintiff technically

ORDER, C09-1379-JCC
PAGE - 1

competent and meeting expectations. Yet CBP provides evidence that coworkers complained about Plaintiff's impatience and profanity use, that Plaintiff improperly maintained overdue log entries for which Plaintiff had received counseling, that Plaintiff improperly processed an alien resident, and that Plaintiff responded in an extremely agitated and confrontational manner to further counseling. After CBP returned Plaintiff to his prior position and Plaintiff filed a sex-discrimination complaint, Plaintiff claims that CBP, in particular Supervisor Margaret Fearon, engaged in unlawful retaliation. Specifically, Plaintiff claims retaliation when he was constructively discharged, when Supervisor Fearon interfered with the EEOC investigation, when CBP repudiated a purported settlement agreement, and when coworkers subjected Plaintiff to a hostile work environment because of fear of repercussions from Supervisor Fearon.

II.     DISCUSSION

A.      Legal Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Id.* at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

A plaintiff bringing a cause of action under Title VII must first establish a prima facie case of discrimination by offering evidence that gives rise to an inference of unlawful discrimination. *E.E.O.C. v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009). A plaintiff may establish a prima facie case either by meeting the four-part test laid out in *McDonnell Douglas*

1   *Corp. v. Green*, 411 U.S. 792, 802 (1973),[1] or by providing direct evidence suggesting that the

2   employment decision was based on an impermissible criterion. *Boeing Co.*, 577 F.3d at 1049.

3   If the plaintiff establishes a prima facie case, the burden of production, but not persuasion,

4   shifts to the employer to articulate some legitimate, nondiscriminatory reason for the

5   challenged action. *Id.* If the employer meets that burden, "the plaintiff must then show that the

6   articulated reason is pretextual either directly by persuading the fact-finder that a

7   discriminatory reason more likely motivated the employer or indirectly by showing that the

8   employer's proffered explanation is unworthy of credence." *Id.* (quotation marks omitted).

9       When a plaintiff relies on direct evidence of discrimination, courts "require very little

10  evidence to survive summary judgment." *Id.*; *see also McGinest v. GTE Serv. Corp.*, 360 F.3d

11  1103, 1124 (9th Cir. 2004) ("[A]ny indication of discriminatory motive may suffice to raise a

12  question that can only be resolved by a fact-finder." (quoting *Schnidrig v. Columbia Mach.,

13  Inc.*, 80 F.3d 1406, 1409 (9th Cir. 1996)). The Ninth Circuit has "repeatedly held that a single

14  discriminatory comment by a plaintiff's supervisor or decisionmaker is sufficient to preclude

15  summary judgment for the employer." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d

16  1027, 1039 (9th Cir. 2005). But when a plaintiff relies on circumstantial evidence, "that

17  evidence must be specific and substantial to defeat the employer's motion for summary

18  judgment." *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005) (quotation

19  marks omitted). To the extent the parties' claims rise and fall on the credibility of witnesses,

20  those issues must be resolved at trial, not on summary judgment. *See, e.g.*, *McGinest*, 360 F.3d

21  at 1112.

22  ─────────────────

23      [1] *See Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1094 (9th Cir. 2005) ("Under
    [the *McDonnell Douglas*] framework, the burden of production first falls on the plaintiff to

24  make out a prima facie case of discrimination. He may do so by showing that (1) he belongs to
    a protected class, (2) he was qualified for the position he held (or for the position to which he

25  wished to be promoted), (3) he was terminated or demoted from (or denied a promotion to) that
    position, and (4) the job went to someone outside the protected class.").

26

ORDER, C09-1379-JCC
PAGE - 3

1    To establish a retaliation claim, a plaintiff must show that (1) he or she is engaged in a

2    protected activity, (2) he or she suffered from an adverse employment decision, and (3) there

3    was a causal link between the protected activity and the adverse employment action. *Lyons v.*

4    *England*, 307 F.3d 1092, 1118 (9th Cir. 2002). A causal link can be established by showing

5    that the employer knows about the employee's engagement in a protected activity and the

6    proximity in time between that activity and the alleged retaliatory employment action. *Jordan*

7    *v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988). In retaliation cases, the *McDonnell Douglas*

8    burden-shifting framework applies after the plaintiff shows a prima facie case of retaliation.

9    *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065–66 (9th Cir. 2003).

10   **B.    Sex-Discrimination Claim**

11    Plaintiff has not shown a genuine issue of material fact with respect to his sex-

12   discrimination claims. Plaintiff generally complains that he was demoted without sufficient

13   notice or opportunity to respond. Yet Plaintiff has provided no direct evidence of sex

14   discrimination. Instead, he relies on circumstantial allegations that Supervisor Fearon treated

15   female employees more favorably. But none of those female employees, with one exception,

16   were "similarly situated" to plaintiff because they were not probationary supervisors. *See*

17   *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) ("In order to show that the 'employees'

18   allegedly receiving more favorable treatment are similarly situated (the fourth element

19   necessary to establish a prima facie case under Title VII), the individuals seeking relief must

20   demonstrate, at the least, that they are similarly situated to those employees in all material

21   respects."); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003)

22   ("[I]ndividuals are similarly situated when they have similar jobs and display similar

23   conduct."). Plaintiff offers no showing that these female employees are similarly situated aside

24   from the insufficient fact that they all work for the same employer.

25    Nor was the lone female probationary supervisor similarly situated to Plaintiff.

26   Importantly, CBP likewise *demoted* the female probationary supervisor because of her own

ORDER, C09-1379-JCC
PAGE - 4

1   misconduct. Plaintiff argues, without citation, that the female probationary supervisor received

2   more favorable treatment because she was allowed to complete her full probationary period.

3   Yet the female probationary supervisor was demoted three months prior to the end of her

4   probationary period, after committing an alcohol violation. Moreover, although a plaintiff may

5   be able to show in an appropriate case that a similarly demoted employee was treated more

6   favorably by receiving extra training or supervision, Plaintiff provides nothing more than

7   conclusory allegations that the female probationary supervisor committed similar acts yet

8   received more training and leniency.[2] Different misconduct mandates different responses.

9   Plaintiff's comparison is too remote for Title VII standards.

10          In addition, Plaintiff has not proffered sufficient evidence to overcome the "same-actor

11   inference." The same-actor inference holds that "where the same actor is responsible for both

12   the hiring and the firing of a discrimination plaintiff, and both actions occur within a short

13   period of time, a strong inference arises that there was no discriminatory motive." *Bradley v.*

14   *Harcourt, Brace & Co.*, 104 F.3d 267, 270–71 (9th Cir. 1996). Supervisor Fearon

15   recommended Plaintiff for the probationary-supervisor position, and she was similarly

16   responsible for his demotion less than halfway through the probationary period. Plaintiff has

17   not provided corresponding evidence to rebut this inference. *See Coghlan*, 413 F.3d at 1097

18   n.10 ("[W]hen the allegedly discriminatory actor is someone who has previously selected the

19   plaintiff for favorable treatment, that is very strong evidence that the actor holds no

20   discriminatory animus, and the plaintiff must present correspondingly stronger evidence of bias

21   in order to prevail."). Nor does Plaintiff dispute that he was replaced by a male employee. *See*

22   

_____

23          [2] Similarly situated individuals must "display similar conduct." *Vasquez*, 349 F.3d at

24   641. Plaintiff has not shown how the female probationary supervisor was "involved in the
     same type of offense" as Plaintiff or "engaged in problematic conduct of comparable

25   seriousness" to that of Plaintiff. *See id.* The female supervisors' misconduct, such as failing to
     report for an overtime shift because of a schedule change and failure to notify CBP when she

26   was tardy for work, do not constitute material similarity to Plaintiff's professionalism issues.

1    *id.* (requiring under a disparate-treatment claim that the plaintiff show that "the job went to

2    someone outside the protected class"). Accordingly, the Court grants summary judgment in

3    favor of Defendants on Plaintiff's sex-discrimination claim.

4         **C.**      **Retaliation Claim**

5         Nonetheless, Plaintiff raises a genuine dispute over a material fact with respect to his

6    retaliation claim. Initially, the Court agrees with Plaintiff that he sufficiently exhausted his

7    constructive-discharge claim. Plaintiff apparently did not file an EEOC charge of constructive

8    discharge, but he had previously raised a retaliation claim that encompassed much, if not all, of

9    the conduct he alleges led to the constructive discharge. Although, as Defendants argue, the

10   Supreme Court holds that "discrete discriminatory acts are not actionable if time barred, even

11   when they are related to acts alleged in timely filed charges," *Nat'l R.R. Passenger Corp. v.*

12   *Morgan*, 536 U.S. 101, 113 (2002), that holding "does not address whether a previously filed

13   EEOC complaint must be amended to encompass subsequent discrete acts in order to render

14   such acts susceptible to judicial review," *Rivera v. P.R. Aqueduct & Sewers Auth.*, 331 F.3d

15   183, 189 (1st Cir. 2003). Notably, *Morgan* focused on complainants who attempt to bring into

16   an EEOC charge claims of *previous* discrimination that became stale by falling outside the

17   statute of limitations. Here, Plaintiff's constructive discharge occurred *after* he had already

18   filed his EEOC complaint. The Court concludes that under these circumstances it would be

19   unreasonable to require that Plaintiff have filed an additional EEOC charge for the same

20   retaliatory acts simply because those acts, for which he timely filed a charge, culminated in

21   what he argues was a constructive discharge. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1062

22   (9th Cir. 2006) ("Subject matter jurisdiction extends over all allegations of discrimination that

23   either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which

24   *can reasonably be expected* to grow out of the charge of discrimination.'" (citing *B.K.B. v.*

25   *Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002))). Additionally, the Court grants

26   equitable relief to Plaintiff on this matter, estopping Defendants from raising the exhaustion

1    requirement and finding constructive exhaustion via Plaintiff's earlier charge. *See Morgan*, 536

2    U.S. at 113 ("[T]his time period for filing a charge is subject to equitable doctrines such as

3    tolling or estoppel."). Defendants do not rebut Plaintiff's claim that the discharge issue was

4    "put to hearing at the EEOC in 2008 in the face of defendants' motion to dismiss," thus

5    satisfying the purposes of exhaustion. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d

6    632, 636 (9th Cir. 2002) ("The administrative charge requirement serves the important

7    purposes of giving the charged party notice of the claim and narrowing the issues for prompt

8    adjudication and decision." (quoting *B.K.B.*, 276 F.3d at 1099)).

9            The Court also disagrees with Defendants that any claims related to CBP's alleged

10   interference with the EEOC investigation are not actionable. Defendants cite only District of

11   Columbia district-court decisions for such a position. These decisions emphasize that "a claim

12   regarding interference with an EEOC investigation is not about a condition of employment."

13   *See Keeley v. Small*, 391 F. Supp. 2d 30, 45 (D.D.C. 2005). Yet the Supreme Court recently

14   held that Title VII's antiretaliation provision is not limited to employer conduct affecting

15   conditions of employment. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006)

16   ("Thus, purpose reinforces what language already indicates, namely, that the antiretaliation

17   provision, unlike the substantive provision, is not limited to discriminatory actions that affect

18   the terms and conditions of employment."). The purpose of the antiretaliation provision is

19   "maintaining unfettered access to statutory remedial mechanisms." *Id.* "[A] plaintiff must show

20   that a reasonable employee would have found the challenged action materially adverse, which

21   in this context means it well might have dissuaded a reasonable worker from making or

22   supporting a charge of discrimination." *Id.* at 68 (quotation marks omitted); *see also Vasquez*,

23   349 F.3d at 646 ("[A]n action is cognizable as an adverse employment action if it is reasonably

24   likely to deter employees from engaging in protected activity[, including] any adverse

25   treatment that is based on a retaliatory motive and is reasonably likely to deter *the charging*

26   *party* or others from engaging in protected activity." (quotation marks and footnote omitted)).

ORDER, C09-1379-JCC
PAGE - 7

1    If a supervisor interferes with an EEOC investigation by intimidating witnesses, as Plaintiff

2    alleges, that employer has engaged in conduct that the Court concludes would dissuade a

3    reasonable worker, including "the charging party," from making or supporting a charge of

4    discrimination.

5           Finally, the Court concludes that Plaintiff raises a genuine issue of material fact with

6    respect to his claim for a retaliatory hostile work environment and constructive discharge.

7    Defendants correctly argue that "ostracism suffered at the hand of coworkers cannot constitute

8    an adverse employment action." *See Brooks v. City of San Mateo*, 229 F.3d 917, 929 (9th Cir.

9    2000); *see also Burlington N.*, 548 U.S. at 68 ("An employee's decision to report

10   discriminatory behavior cannot immunize that employee from those petty slights or minor

11   annoyances that often take place at work and that all employees experience."). Yet the isolation

12   and exclusion Plaintiff describes is neither petty nor minor. Viewing the evidence in the light

13   most favorable to Plaintiff, Plaintiff's coworkers blacklisted Plaintiff because of the fear

14   engendered by Supervisor Fearon, with Fearon coercing employees to rewrite statements to the

15   EEOC and commanding employees not to talk to Plaintiff. *See McGinest*, 360 F.3d at 1112

16   ("In evaluating motions for summary judgment in the context of employment discrimination,

17   we have emphasized the importance of zealously guarding an employee's right to a full trial,

18   since discrimination claims are frequently difficult to prove without a full airing of the

19   evidence and an opportunity to evaluate the credibility of the witnesses."). With respect to

20   Supervisor Fearon's statement at the supervisors' meeting regarding contact with Plaintiff,

21   Defendants provide a plausible, and perhaps believable, explanation. But that explanation is

22   merely one interpretation, and Plaintiff has pointed to enough evidence to raise a genuine issue

23   of material fact regarding Supervisor Fearon's credibility. *See id.* at 1112 (holding that to the

24   extent the parties' claims rise and fall on the credibility of witnesses, those issues must be

25   resolved at trial, not on summary judgment). Supervisor Fearon's alleged interference with the

26   EEOC investigation further contributes to Plaintiff's claim that Defendants created a hostile

ORDER, C09-1379-JCC
PAGE - 8

work environment that led to his constructive discharge.[3] Accordingly, the Court denies summary judgment with respect to Plaintiff's retaliation and hostile-work-environment claims.[4]

III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment with respect to Plaintiff's sex-discrimination claims. The Court DENIES Defendant's motion for summary judgment with respect to Plaintiff's retaliation and hostile-work-environment claims.

DATED this 8th day of December 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Although twenty-one months passed between the filing of the EEOC charge and Plaintiff's constructive discharge, that time is drastically reduced because Plaintiff alleges ongoing retaliatory conduct.

[4] The Court agrees with Defendants' assertion, unopposed by Plaintiff, that Janet Napolitano in her official capacity as Secretary of the Department of Homeland Security is the only proper defendant in this action. *See* 42 U.S.C. § 2000e-16(c). Accordingly, the Court dismisses the action against the Division of Customs and Border Protection. The Court also agrees with Defendants' assertion, unopposed by Plaintiff, that Plaintiff's claims regarding an unsigned settlement agreement are not viable because Plaintiff has not shown the Court a signed settlement agreement and because Plaintiff agreed that "all discussions during mediation sessions are confidential and may not be used against either party in any subsequent proceeding."

ORDER, C09-1379-JCC
PAGE - 9